```
FILED: DECEMBER 12, 2008
08CV7144
JUDGE DARRAH
MAGISTRATE JUDGE COLE
J. N.
```

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LANCASTER-WILLIAMS, | ) | |
| ANTOINE TERRY, EDITH EVANS, | ) | |
| and GREGORY MOORE, | ) | |
| | ) | Case No.: |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS |
| PODS, INC. | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

### JURISDICTION AND VENUE

1.      This is an action pursuant to the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended, the Equal Pay Act of 1963, 29 USC 206(d), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq*.  This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331, 1343, and supplemental jurisdiction under and by virtue of 28 U.S.C. § 1367.

2.      Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3.      Plaintiff, Michael Lancaster-Williams, has fully complied with the procedural requirements of Title VII.  He filed a charge for discrimination with the EEOC, received a Notice of Right to Sue from the EEOC, and brought this lawsuit within the applicable time period.

4.      Plaintiff, Antoine Terry, has fully complied with the procedural requirements of Title VII.  He filed a charge for discrimination with the EEOC, received a Notice of Right to Sue from the EEOC, and brought this lawsuit within the applicable time period.

5.      Plaintiff, Edith Evans, has fully complied with the procedural requirements of Title

VII.  She filed a charge for discrimination with the EEOC, received a Notice of Right to Sue from the EEOC, and brought this lawsuit within the applicable time period.

6.      Plaintiff, Gregory Moore, has fully complied with the procedural requirements of Title VII.  He filed a charge for discrimination with the EEOC, received a Notice of Right to Sue from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

7.      Plaintiff, Michael Lancaster-Williams (hereinafter "Lancaster-Williams"), was and now is a citizen of the United States, and at all material times was employed by Defendant within the jurisdiction of this Court.  At all material times hereto, Lancaster-Williams has been an employee within the meaning of 42 U.S.C. § 2000e(f) and has been employed by Defendant PODS, Inc.

8.      Plaintiff, Antoine Terry (hereinafter "Terry"), was and now is a citizen of the United States, and at all material times was employed by Defendant within the jurisdiction of this Court.  At all material times hereto, Terry has been an employee within the meaning of 42 U.S.C. § 2000e(f) and has been employed by Defendant PODS, Inc.

9.      Plaintiff, Edith Evans (hereinafter "Evans"), was and now is a citizen of the United States, and at all material times was employed by Defendant within the jurisdiction of this Court.  At all material times hereto, Evans has been an employee within the meaning of 42 U.S.C. § 2000e(f),  the Equal Pay Act, and the Illinois Wage Payment and Collection Act and has been employed by Defendant PODS, Inc.

10.      Plaintiff, Gregory Moore (hereinafter "Moore"), was and now is a citizen of the United States and at all material times was employed by Defendant within the jurisdiction of this

2

Court.  At all material times hereto, Moore has been an employee within the meaning of 42 U.S.C. § 2000e(f) and has been employed by Defendant PODS, Inc.

11.     Defendant PODS, Inc. (hereinafter "PODS" or "Defendant") is believed and alleged thereon to be a corporation duly organized, existing, and operating within the jurisdiction of this Court.  At all material times hereto, PODS has been an employer within the meaning of 42 U.S.C. §2000e(b), the Equal Pay Act, and the Illinois Wage Payment and Collection Act, and has employed Plaintiffs.

## FACTS

12.     PODS is a corporation specializing in moving and storage.

13.     At all material times, the Plaintiffs shared the same management structure.

14.     At all material times, the management structure of PODS, as shared by Plaintiffs, has engaged in a pattern and practice of knowingly allowing African-American employees to be subjected to a racially hostile work environment and unequal terms and conditions of employment.

15.     At all material times, the management structure of PODS, as shared by Plaintiffs, has engaged in a pattern and practice of knowingly and intentionally retaliating against employees who have complained of discrimination in the workplace.

### Lancaster-Williams

16.     Lancaster-Williams is African-American.

17.     Lancaster-Williams began his employment with PODS on or about August 25, 2004.

18.     Lancaster-Williams is currently employed by Defendant.

19.     During his tenure with Defendant, Lancaster-Williams has met the requirements of his employer.

20.     In or about the summer of 2005, Lancaster-Williams was promoted to the position

of supervisor.

21.     Shortly thereafter, Terry Eastling was hired as a driver.  Defendant expressed an intention to immediately promote Eastling to Lancaster-Williams' supervisory position.

22.     Eastling is Caucasian.

23.     In or about December 2005, Lancaster-Williams was demoted from his supervisor position to the position of driver, causing him to lose wages.

24.     Eastling was subsequently promoted to Lancaster-Williams' position.

25.     At that time, Eastling became Lancaster-Williams' supervisor.

26.     As Lancaster-Williams' supervisor, Eastling had the authority to terminate Lancaster-Williams.

27.     Lona Whitner, a territory manager, was responsible for Lancaster-Williams' demotion and Eastling's promotion.

28.     Whitner is Caucasian.

29.     The reason given for Lancaster-Williams' demotion was that  Lancaster-Williams hit an overhead door.

30.     Defendant's reason for Lancaster-Williams' demotion is false and mere pretext.

31.     Other similarly situated non-African-American employees have hit an overhead door and have not been disciplined.

32.     Lancaster-Williams was demoted because of his race.

33.     During his tenure with Defendant, Lancaster-Williams has been subjected to daily racial derogatory remarks directed at him by his supervisor, Terry Eastling, including, but not limited to being called a "nigger" and a "mother fucking black nigger."

34.     During that same time period, Lancaster-Williams was consistently and repeatedly threatened by Eastling in that Eastling threatened to shoot Lancaster-Williams' "black ass."

35.     During that same time period, Lancaster-Williams was forced to work in an environment wherein Eastling routinely expressed a dislike for all African-Americans, including but not limited to, stating that no African-American should be paid more than a Caucasian and that no African-American should be the supervisor of a Caucasian.

36.     Lancaster-Williams reported the racial derogatory remarks, the racial threats, and the expressed dislike for African-Americans to Whitner on at least a weekly basis.

37.     Lancaster-Williams found the above-described conduct to be offensive and hostile, and such conduct interfered with Lancaster-Williams' ability to carry out his job duties.

38.     Lancaster-Williams also reported Eastling's racially discriminatory conduct to Tim Kelly, Whitner's supervisor, on at least a weekly basis.

39.     Defendant did not take any reasonable actions to stop Eastling from engaging in the conduct described above and/or to ensure that Lancaster-Williams was permitted to work in an environment free from racial harassment and discrimination.

40.     During his tenure with Defendant, Lancaster-Williams has been subjected to false and fabricated disciplinary actions because of his race and in retaliation for complaining about Eastling's conduct.

41.     In or about February 2007, Lancaster-Williams was involuntarily transferred to another work location, which resulted in a longer commute for Lancaster-Williams.

42.     Lancaster-Williams was involuntarily transferred because of his race and in retaliation for complaining of racial discrimination and harassment.

43.     Lancaster-Williams filed a charge of discrimination with the EEOC on or about October 24, 2007.

44.     In or about February 2008, Lancaster-Williams was demoted for a second time from the position of local semi-driver to a regular driver, causing him to lose further wages.

45.     The reason given by Defendant for Lancaster-Williams' second demotion was the elimination of Lancaster-Williams' position.

46.     Defendant's reason for Lancaster-Williams' second demotion is pretext.

47.     Lancaster-Williams (earning less pay) and other employees continue to perform Lancaster-Williams' former job duties as a local semi-driver.

48.     Plaintiff was issued a Notice of Right to Sue by the EEOC, which he received on October 15, 2008.

49.     Plaintiff's complaint is brought within 90 days of receipt of the Notice of Right to Sue.

50.     Plaintiff has met all procedural prerequisites to this action.

51.     By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, lost wages, and suffered great physical, mental, and emotional pain and suffering, all to his damage, in an amount to be ascertained.

52.     The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

53.     By reason of the above-described acts and omissions of Defendant, Plaintiff was

6

required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### Terry

54.    Terry is African-American.

55.    Terry's skin color is black.

56.    Terry began working for Defendant on or about March 19, 2007.

57.    At all material times, Terry worked as a delivery driver.

58.    At all material times, Terry met Defendant's legitimate employment expectations.

59.    At all material times, Eastling was Terry's supervisor and had the authority to terminate Terry without approval from upper management.

60.    Throughout his employment with Defendant, Terry has been subjected to daily racial derogatory remarks directed at him by Eastling, including, but not limited to being called a "nigger," "porch monkey," "coon fucker," and "retarded nigger."

61.    Throughout his employment with Defendant, Terry was consistently and repeatedly threatened by Eastling. Eastling would tell Terry that Eastling wanted to kill Terry, and then Eastling would show Terry photographs of dead animals Eastling had killed.

62.    Throughout his employment with Defendant, Eastling would threaten Terry with termination and death if Terry complained to management about Eastling. Eastling would show Terry, Eastling's camouflage clothing and tell Terry the following: "if you say anything nigger, I blend in with nature and you don't know where I'm at."

63.    Throughout Terry's employment with Defendant, Eastling expressed his dislike for

7

African-Americans to Terry, including, but not limited to stating that "a nigger like you don't belong working in offices, only hard labor jobs."

64.    Terry found the above-described conduct to be offensive and hostile, and such conduct interfered with Terry's ability to carry out his job duties.

65.    Terry complained about the above-described conduct to the assistant supervisor, Gregory Moore.  Moore informed Terry that, based upon his own experience, Moore feared that if he communicated Terry's complaint to upper management that Terry would be terminated.

66.    Terry is informed, believes, and alleges thereon that Defendant was made aware of Eastling's conduct by Terry's co-workers yet took no reasonable actions to stop Eastling from engaging in the conduct described above and to ensure that Terry worked in an environment free from racial discrimination and harassment.

67.    In or about June 2007, Terry suffered an on-the-job injury and filed a worker's compensation claim.

68.    After Terry filed his worker's compensation claim, Eastling berated Terry on a daily basis about his injury, told Terry that he was not hurt, that he was trying to defraud the company, that he was retarded, and that he was a cripple.

69.    After Terry's on-the-job injury, Eastling forced Terry to do work outside of his doctor's restrictions, making such conditions a requirement of keeping his job.

70.    Throughout his employment, Eastling also made Terry work with faulty equipment.

71.    On or about August 17, 2007, Terry filed a charge of discrimination with the EEOC for discrimination, harassment, and retaliation.

72.    Thereafter, in or about January 2008, Defendant terminated Terry for allegedly not reporting back to work from a medical leave connected with his on-the-job injury.

73.    Terry never received notice from Defendant to return to work.

74.    The reason given for Terry's termination is false and mere pretext.

75.    Terry was terminated in retaliation for exercising his rights under the Worker's Compensation Act and in violation of the public policy of the State of Illinois.

76.    Terry was terminated in retaliation for filing a charge of discrimination with the EEOC against Defendant.

77.    Terry was terminated because he is African-American.

78.    Terry was terminated because of the color of his skin, black.

79.    Terry was issued a Notice of Right to Sue by the EEOC, which he received on October 6, 2008.

80.    Plaintiff's complaint is brought within 90 days of receipt of the Notice of Right to Sue.

81.    Plaintiff has met all procedural prerequisites to this action.

82.    By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, lost wages, and suffered great physical, mental, and emotional pain and suffering, all to his damage, in an amount to be ascertained.

83.    The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

84.    By reason of the above-described acts and omissions of Defendant, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the

within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## Evans

85.    Evans is African-American.

86.    Evans' skin color is black.

87.    Evans is a female.

88.    Evans began working for Defendant on or about April 24, 2006.

89.    Evans currently works for Defendant.

90.    At all material times, Evans worked as a delivery driver.

91.    At all material times, Evans met Defendant's legitimate employment expectations.

92.    At all material times, Eastling was Evans' supervisor and had the authority to terminate Evans without approval from upper management.

93.    Throughout her tenure with Defendant, Evans has been subjected to daily racial derogatory remarks directed at her by Eastling, including, but not limited to being called a "nigger."

94.    Eastling also joked about where African-Americans lived in front of Evans.

95.    Throughout her tenure with Defendant, Evans has been forced to work in an environment wherein her supervisor, Eastling, routinely expresses a dislike for African-Americans, including but not limited to, stating that African-Americans are lazy and are criminals.

96.    Throughout Evans' tenure with Defendant, Eastling has repeatedly broadcasted the Dave Chappelle skit titled "The Niggers" throughout the workplace.

97.    Evans found the above-described conduct to be offensive and hostile, and such conduct interfered with Evans' ability to carry out her job duties.

98.     Eastling also routinely assigned African-Americans, including Evans, but not other similarly situated non-African-Americans, routes into the City of Chicago because "that is where criminals are."

99.     In or about the fall or winter of 2007, when Evans was off of work for a gynecological surgery, Eastling made comments that Evans, being African-American, was weak for taking "too much time off of work'; further stating that his wife, a Caucasian woman, was stronger because she took less time off of work for an alleged similar procedure.

100.     Eastling also repeatedly made comments about Evans' gender, female, stating that it "takes a man to do this work," that she was a woman and therefore too slow, and that she was only capable of cleaning bathrooms and mopping floors.

101.     Evans was in fact assigned to cleaning bathrooms and mopping floors because of her gender.  Men were never forced to complete these tasks.

102.     Unlike similarly situated male co-workers, Evans was routinely assigned undesirable work and worse routes.

103.     Evans found the above-described conduct to be offensive and hostile, and such conduct interfered with Evans' ability to carry out her job duties.

104.     As the only African-American female employee, Evans was paid the lowest wages despite having the same qualifications and completing the same job duties as similarly situated males.

105.     Evans was also denied promotions in that Defendant prohibited and/or prevented her from taking the necessary classes to receive said promotions and thus prevented her from advancing within the company.

106.     Evans was denied such opportunities because of her race (African-American), her

skin color (black), her gender (female), and/or in retaliation for complaining of harassment and unequal terms and conditions of employment, as described below.

107.    Evans complained about the above-described conduct to the territorial manager, Walter Fox at least five to six times since January 2007.

108.    Defendant took no reasonable actions to prevent Eastling from engaging in this repeated offensive and derogatory conduct and failed to ensure that Evans worked in an environment free from discrimination and harassment.

109.    Rather, the discriminatory conduct worsened after Evans made her complaints.

110.    Evans was aware that other employees had made reports of Eastling's offensive and discriminatory actions to human resources.  Evans learned that after making such complaints, Eastling was informed by human resources about the complaints, and his conduct only worsened.

111.    On or about October 31, 2007, Evans filed a charge of discrimination with the EEOC for discrimination, harassment, and retaliation.

112.    Evans was issued a Notice of Right to Sue by the EEOC, which she received on October 15, 2008.

113.    Plaintiff's complaint is brought within 90 days of receipt of the Notice of Right to Sue.

114.    Plaintiff has met all procedural prerequisites to this action.

115.    By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, lost wages, and suffered great physical, mental, and emotional pain and suffering, all to her damage, in an amount to be ascertained.

116.    The aforementioned acts of Defendant were willful, wanton, malicious,

oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

117.    By reason of the above-described acts and omissions of Defendant, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**Moore**

118.    Moore is African-American.

119.    Moore began working for Defendant on or about May 30, 2005.

120.    At all material times, Moore worked as a warehouse assistant.

121.    At all material times, Moore met Defendant's legitimate employment expectations.

122.    At all material times, Eastling was Moore's supervisor and had the authority to terminate Moore without approval from upper management.

123.    Throughout his employment with Defendant, Moore has been subjected to daily racial derogatory remarks directed at him by Eastling, including, but not limited to referring o Moore's home neighborhood in Gary, Indiana as a "ghetto," asking Moore how he could live in a ghetto, generalizing African-Americans as "criminals," and stating that African-Americans are not qualified to receive promotions.

124.    Moore has been informed and believes and alleges thereon that outside of Moore's presence, Eastling referred to African-Americans as "porch monkeys," "coons," and "niggers."

125.    Eastling also broadcasted a television show at work that repeatedly used the word

"nigger."

126.    Throughout his employment with Defendant, Moore has also witnessed Eastling make other derogatory comments about other races, including but not limited to generalizing Hispanics as being lazy and stating that Arabs are unworthy of being in the United States.

127.    Moore also witnessed Eastling give African-American drivers the worst routes, discipline African-American employees more harshly that Caucasian employees, and excessively monitor African-American employees as compared to employees of a different race.

128.    Moore found all of the above-described conduct to be offensive and hostile, and such conduct interfered with Moore's ability to carry out his job duties.

129.    Moore is informed, believes, and alleges thereon that Defendant knew about Eastling's conduct yet took no reasonable actions to stop Eastling from engaging in the conduct described above and thereby failed to ensure that Moore worked in an environment free from discrimination and harassment.

130.    Defendant has a pattern and practice of employing individuals that make derogatory racial remarks about African-Americans and that display a hatred for African-Americans.  Prior to Eastling becoming Moore's supervisor, Moore made a complaint about other employees' racial harassment of Moore.  In response to said complaint, Defendant took no reasonable actions to prevent such conduct by other employees or to ensure that Moore worked in an environment free from racial harassment.

131.    Throughout Moore's employment with Defendant, Defendant failed to post open promotion opportunities, in violation of company policy, and thereby prevented Moore from applying for promotions.  Instead, Defendant gave the promotions to less qualified Caucasian employees.

132.    Given that promotional opportunities were not posted, Moore attempted, to the best of his ability, to apply for promotions through verbal applications to Eastling.  Moore submitted at least three verbal applications for promotion to Eastling.

133.    In each instance, Eastling prevented Moore from receiving the promotion by either not selecting Moore and/or by lying to upper management about Moore's qualifications and work performance.

134.    On or about November 3, 2007, Moore filed a charge of discrimination with the EEOC for discrimination and harassment.

135.    Moore was issued a Notice of Right to Sue by the EEOC, which he received on October 15, 2008.

136.    Plaintiff's complaint is brought within 90 days of receipt of the Notice of Right to Sue.

137.    Plaintiff has met all procedural prerequisites to this action.

138.    By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, lost wages, and suffered great physical, mental, and emotional pain and suffering, all to his damage, in an amount to be ascertained.

139.    The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

140.    By reason of the above-described acts and omissions of Defendant, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the

within action so that he might vindicate the loss and impairment of his rights. By reason thereof,

Plaintiff requests payment by Defendant of a reasonable sum for attorney's fees pursuant to 42

U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### ALL PLAINTIFFS AGAINST DEFENDANT FOR
### HARASSMENT & HOSTILE WORK ENVIRONMENT
### ON THE BASIS OF PLAINTIFFS' RACE
### IN VIOLATION OF TITLE VII

141.    Plaintiffs reallege and incorporate paragraphs one (1) through one hundred forty

(140) as though fully set forth at this place.

142.    Plaintiffs are African-American.

143.    Defendant has engaged in a pattern and practice of harassing and subjecting

African-American employees to a hostile work environment.

144.    During the course of their employment with Defendant, Plaintiffs have been

repeatedly subjected to an offensive and hostile racial stereotypes, derogatory comments, slurs,

and jokes, as described above.

145.    Plaintiffs have also been physically threatened by Eastling.

146.    Plaintiffs found the foregoing acts to be offensive, unwelcome, and unwarranted.

147.    The foregoing acts were in fact offensive, unwelcome, and unwarranted.

148.    The foregoing acts unreasonably interfered with Plaintiffs' ability to perform their

job and/or created an intimidating, hostile and/or offensive work environment.

149.    Eastling was a supervisor and had the authority to terminate Plaintiffs without

approval from upper management.

150.    Defendant was aware of and was made aware of the above described conduct;

yet, Defendant did not take any reasonable steps to protect Plaintiffs from said intimidating,

hostile, and/or offensive work environment.

151.    Defendant likewise did not take any reasonable steps to prevent and/or correct such conduct.

152.    Defendant violated Plaintiffs' rights in that Defendant required Plaintiffs to work in an intimidating, hostile, and/or offensive work environment and to work under a supervisor who threatened, degraded, and verbally abused Plaintiffs because of their race.  Defendant thereby failed to provide employment conditions and relationships where Plaintiffs could work safely and be free from such conduct.

153.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiffs' rights and sensibilities, Plaintiffs have suffered lost wages, the indignity of discrimination and harassment, the invasion of a right to be free from discrimination and humiliation, which has manifested in physical and emotional distress, and further has negatively impacted their future ability to support themselves, harmed their earning capacity, disrupted their personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT II**
**PLAINTIFFS AGAINST DEFENDANT FOR**
**DISCRIMINATION ON THE BASIS OF PLAINTIFFS' RACE**
**IN VIOLATION OF TITLE VII**

154.    Plaintiffs reallege and incorporate paragraphs one (1) through one hundred forty (140) as though fully set forth at this place.

155.    Plaintiffs are African-American.

156.    Plaintiffs were qualified for the job they held with Defendant and adequately performed all functions that their job entailed.

157.    Despite Plaintiffs' qualifications, they were demoted, involuntarily transferred, and/or terminated.

158.    The reasons given by Defendants for these actions are false and mere pretext for illegal discrimination.

159.    Plaintiffs were also qualified for promotions, which they were denied and/or prevented from obtaining.

160.    Despite Plaintiffs' qualifications and job performance, Plaintiffs were discriminated against because their race in that they were denied promotions and/or prevented from obtaining promotions.

161.    The reasons given by Defendant for not promoting Plaintiffs are false and mere pretext for illegal discrimination.

162.    Despite Plaintiffs' qualifications and job performance, Plaintiffs were subjected to different terms and conditions of employment, including but not limited to, less pay, worse job duties, and/or false and/or discriminatory discipline.

163.    Plaintiffs were subjected to these different terms and conditions of employment because of their race.

164.    Similarly situated non-African-American employees were not subjected to the same terms and conditions of employment as were Plaintiffs.

165.    Defendant's discrimination against Plaintiffs was intentional and was on the basis of Plaintiffs' race, African-American.

166.    Defendant's actions, as described above, are in violation of Title VII in that Defendant acted to discriminate against Plaintiffs in the terms and conditions of their employment because of their race.

167.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiffs' rights and sensibilities, Plaintiffs have suffered lost wages, the

indignity of discrimination and harassment, the invasion of a right to be free from discrimination

and humiliation, which has manifested in physical and emotional distress, and further has

negatively impacted their future ability to support themselves, harmed their earning capacity,

disrupted their personal life, and caused loss of enjoyment of the ordinary pleasures of life.

<u>COUNT III</u>
<u>TERRY AND EVANS AGAINST DEFENDANT FOR</u>
<u>HARASSMENT & HOSTILE WORK ENVIRONMENT</u>
<u>ON THE BASIS OF PLAINTIFFS' SKIN COLOR</u>
<u>IN VIOLATION OF TITLE VII</u>

168.    Plaintiffs reallege and incorporate paragraphs one (1) through one hundred forty

(140) as though fully set forth at this place.

169.    Plaintiffs' skin color is black.

170.    During the course of their employment with Defendant, Plaintiffs have been

repeatedly subjected to an offensive and hostile work environment on the basis of their skin

color, as described above.

171.    Plaintiffs found the foregoing acts to be offensive, unwelcome, and unwarranted.

172.    The foregoing acts were in fact offensive, unwelcome, and unwarranted.

173.    The foregoing acts unreasonably interfered with Plaintiffs' ability to perform their

job and/or created an intimidating, hostile and/or offensive work environment.

174.    Eastling was a supervisor and had the authority terminate Plaintiffs without

approval from upper management.

175.    Defendant was aware of and was made aware of the above described conduct;

yet, Defendant did not take any reasonable steps to protect Plaintiffs from said intimidating,

hostile, and/or offensive work environment.

176.    Defendant likewise did not take any reasonable steps to prevent and/or correct

such conduct.

177.    Defendant violated Plaintiffs' rights in that Defendant required Plaintiffs to work in an intimidating, hostile, and/or offensive work environment and to work under a supervisor who threatened, degraded, and verbally abused Plaintiffs because of their skin color.  Defendant thereby failed to provide employment conditions and relationships where Plaintiffs could work safely and be free from such conduct.

178.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiffs' rights and sensibilities, Plaintiffs have suffered lost wages, the indignity of discrimination and harassment, the invasion of a right to be free from discrimination and humiliation, which has manifested in physical and emotional distress, and further has negatively impacted their future ability to support themselves, harmed their earning capacity, disrupted their personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT IV**
**TERRY AND EVANS AGAINST DEFENDANT FOR**
**DISCRIMINATION ON THE BASIS OF PLAINTIFFS' SKIN COLOR**
**IN VIOLATION OF TITLE VII**

179.    Plaintiffs reallege and incorporate paragraphs one (1) through one hundred forty (140) as though fully set forth at this place.

180.    Plaintiffs' skin color is black.

181.    Plaintiffs were qualified for the job they held with Defendant and adequately performed all functions that their job entailed.

182.    Despite Plaintiffs' qualifications, they were demoted, terminated, denied promotions, prevented from obtaining promotions, and subjected to different terms and conditions of employment.

183.    Plaintiffs were subjected to such actions and terms and conditions of employment

because of their skin color.

184.    The reasons given by Defendant for these actions and/or different terms and conditions of employment are false and mere pretext for illegal discrimination.

185.    Similarly situated non-black employees were not subjected to the same actions and/or terms and conditions of employment as were Plaintiffs.

186.    Defendant's discrimination against Plaintiffs was intentional and was on the basis of Plaintiffs' skin color, black.

187.    Defendant's actions, as described above, are in violation of Title VII in that Defendant acted to discriminate against Plaintiffs in the terms and conditions of their employment because of their skin color.

188.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiffs' rights and sensibilities, Plaintiffs have suffered lost wages, the indignity of discrimination and harassment, the invasion of a right to be free from discrimination and humiliation, which has manifested in physical and emotional distress, and further has negatively impacted their future ability to support themselves, harmed their earning capacity, disrupted their personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT V
EVANS AGAINST DEFENDANT FOR
HARASSMENT & HOSTILE WORK ENVIRONMENT
ON THE BASIS OF PLAINTIFF'S GENDER
IN VIOLATION OF TITLE VII**

189.    Plaintiff realleges and incorporates paragraphs one (1) through one hundred forty (140) as though fully set forth at this place.

190.    Plaintiff is female.

191.    During the course of her employment with Defendant, Plaintiff has been

repeatedly subjected to an offensive and hostile work environment on the basis of her gender, as described above.

192.     Plaintiff found the foregoing acts to be offensive, unwelcome, and unwarranted.

193.     The foregoing acts were in fact offensive, unwelcome, and unwarranted.

194.     The foregoing acts unreasonably interfered with Plaintiff's ability to perform her job and/or created an intimidating, hostile and/or offensive work environment.

195.     Eastling was a supervisor and had the authority to terminate Plaintiff without approval from upper management.

196.     Defendant was aware of and was made aware of the above described conduct; yet, Defendant did not take any reasonable steps to protect Plaintiff from said intimidating, hostile, and/or offensive work environment.

197.     Defendant likewise did not take any reasonable steps to prevent and/or correct such conduct.

198.     Defendant violated Plaintiff's rights in that Defendant required Plaintiff to work in an intimidating, hostile, and/or offensive work environment and to work under a supervisor who threatened, degraded, and verbally abused Plaintiff because of her gender.  Defendant thereby failed to provide employment conditions and relationships where Plaintiff could work safely and be free from such conduct.

199.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination and harassment, the invasion of a right to be free from discrimination and humiliation, which has manifested in physical and emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her

personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT VI**
**EVANS AGAINST DEFENDANT FOR**
**DISCRIMINATION ON THE BASIS OF PLAINTIFF'S GENDER**
**IN VIOLATION OF TITLE VII**

200.    Plaintiff realleges and incorporates paragraphs one (1) through one hundred forty (140) as though fully set forth at this place.

201.    Plaintiff is female.

202.    Plaintiff was qualified for the job she held with Defendant and adequately performed all functions that her job entailed.

203.    Despite Plaintiff's qualifications, she was denied promotions, prevented from obtaining promotions, paid less, subjected to poor working conditions, and subjected to different terms and conditions of employment.

204.    Plaintiff was subjected to such actions and terms and conditions of employment because of her gender.

205.    The reasons given by Defendant for these actions and/or different terms and conditions of employment are false and mere pretext for illegal discrimination.

206.    Similarly situated male employees were not subjected to the same actions and/or terms and conditions of employment as was Plaintiff.

207.    Defendant's discrimination against Plaintiff was intentional and was on the basis of Plaintiff's gender, female.

208.    Defendant's actions, as described above, are in violation of Title VII in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her gender.

209.    As a direct and proximate result of said unlawful employment practices and in

disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity

of discrimination and harassment, the invasion of a right to be free from discrimination and

humiliation, which has manifested in physical and emotional distress, and further has negatively

impacted her future ability to support herself, harmed her earning capacity, disrupted her

personal life, and caused loss of enjoyment of the ordinary pleasures of life.

### COUNT VII
### ALL PLAINTIFFS AGAINST DEFENDANT FOR
### RETALIATION IN VIOLATION OF TITLE VII

210.    Plaintiffs reallege and incorporate paragraphs one (1) through one hundred forty

(140) as though fully set forth at this place.

211.    Defendant has engaged in a pattern and practice of harassing and retaliating

against employees who complain of illegal discrimination.

212.    Plaintiffs met their employer's legitimate employment expectations.

213.    Plaintiffs engaged in protected activity when they reported discrimination to

Defendant and to the EEOC, as described above.

214.    After engaging in said protected activity, Defendant has engaged in many acts of

retaliation including but not limited to taking adverse employment actions against Plaintiffs and

otherwise harassing Plaintiffs in various ways designed to impede their ability to work for

Defendant, as described above.

215.    Similarly situated employees who did not engage in protected activity were

treated more favorably than Plaintiffs.

216.    Defendant's reason for its conduct is false and merely pretext for illegal

retaliation.

217.    Defendant's actions, as described above, are in violation of Title VII, as

Defendant has engaged in acts of retaliation because of Plaintiffs' engagement in protected activities.

218.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiffs' rights and sensibilities, Plaintiffs have suffered lost wages, the indignity of discrimination and harassment, the invasion of a right to be free from discrimination and humiliation, which has manifested in physical and emotional distress, and further has negatively impacted their future ability to support themselves, harmed their earning capacity, disrupted their personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT VIII**
**EVANS AGAINST DEFENDANT FOR**
**VIOLATION OF THE EQUAL PAY ACT**

219.    Plaintiff realleges and incorporates paragraphs one (1) through one hundred forty (140) as though fully set forth at this place.

220.    Plaintiff is female.

221.    Plaintiff performed equal work to similarly situated employees of the opposite sex under similar working conditions in that the Plaintiff's work required the same skill, effort, and responsibility as said similarly situated employees.

222.    Plaintiff was paid less than said similarly situated employees.

223.    Defendant's decision to pay Plaintiff less than similarly situated employees of the opposite sex was not based on a factor other than sex.

224.    Defendant's decision was based on Plaintiff's sex, female.

225.    Defendant's actions, as described above are in violation of the Equal Pay Act.

226.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity

25

of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT IX**
**EVANS AGAINST DEFENDANT FOR**
**THE STATE SUPPLEMENTAL CLAIM**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

227.    Plaintiff realleges and incorporates paragraphs one (1) through one hundred forty (140) as though fully set forth at this place.

228.    Plaintiff is female.

229.    Plaintiff performed equal work to similarly situated employees of the opposite sex under similar working conditions in that the Plaintiff's work required the same skill, effort, and responsibility as said similarly situated employees.

230.    Plaintiff was paid less than said similarly situated employees.

231.    Defendant's decision to pay Plaintiff less than similarly situated employees of the opposite sex was not based on a factor other than sex.

232.    Defendant's decision was based on Plaintiff's sex, female.

233.    Defendant's actions, as described above are in violation of the Illinois Equal Pay Act.

234.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

26

**COUNT X**
**TERRY AGAINST DEFENDANT FOR**
**THE STATE SUPPLEMENTAL CLAIM**
**RETALIATORY DISCHARGE**

235.    Plaintiff realleges and incorporates paragraphs one (1) through one hundred forty (140) as though fully set forth at this place.

236.    In or about June 2007, Plaintiff was injured during the course of his employment for Defendant.

237.    Shortly thereafter, Plaintiff filed a report of injury with Defendant, thereby putting Defendant on notice of Plaintiff's worker's compensation claim.

238.    In response, Eastling berated Terry on a daily basis about his injury, told Terry that he was not hurt, that he was trying to defraud the company, that he was retarded, and that he was a cripple.

239.    Eastling also forced Terry to do work outside of his doctor's restrictions, making such condition a requirement of keeping his job.

240.    In or about January 2008, Defendant discharged Plaintiff for allegedly not reporting back to work from a medical leave in connection with Plaintiff's on-the-job injury.

241.    Plaintiff never received notice from Defendant to return to work.

242.    The reason given for Plaintiff's termination is false.

243.    Plaintiff was discharged in retaliation for exercising his rights under the Worker's Compensation Act and in violation of the public policy of the State of Illinois.

244.    By reason of the above-described acts and omissions of Defendant, Plaintiff was subjected to humiliation and indignities, and suffered mental and emotional pain and suffering all to his damage in an amount to be ascertained at time of trial.  Plaintiff claims compensatory damages

in a sum to be ascertained according to proof at time of trial.

245.    As a result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose income and benefits, in an amount to be proven at time of trial.  Plaintiff claims such amounts as damage, together with prejudgment interest, pursuant to Illinois Law and/or any other provision of law providing for prejudgment interest.

246.    Plaintiff has attempted to mitigate his damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Michael Lancaster-Williams, Antoine Terry, Edith Evans, and Gregory Moore, request the following relief:

A.    That Plaintiffs be granted general and compensatory damages in an amount to be determined at trial;

B.    That Plaintiffs be granted punitive or liquidated damages in an amount to be determined at trial;

C.    That the Court grant to Plaintiffs their reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D.    That the Court grant such other and further relief as the Court may deem just or equitable.

Respectfully submitted,

s/Meghan A. Gonnissen
Meghan A. Gonnissen
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com

## JURY DEMAND

Plaintiffs, Michael Lancaster-Williams, Antoine Terry, Edith Evans, and Gregory Moore,

hereby request a trial by jury.


Respectfully submitted,

s/Meghan A. Gonnissen
Meghan A. Gonnissen
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com